UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven Riley,                                    Case No. 3:12-cv-01502

       Plaintiff

v.                                            MEMORANDUM OPINION
                                                 AND ORDER

Ford Motor Company, et al.,

       Defendants

### BACKGROUND AND HISTORY

On May 14, 2012, *pro se* Plaintiff Steven Riley filed a complaint in Franklin County Court of Common Pleas against Ford Motor Company and UAW Local 1219. On June 12, 2012, Defendants removed the case to federal court. Shortly after removal, the Plaintiff moved to supplement or amend his complaint and I granted his motion. (Doc. No. 49). Both Defendants now move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff also requests summary judgment on his claims.

This matter is now before me on those motions. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated below, Defendants' motions are granted and Plaintiff's motion is denied.

**PLAINTIFF'S CAUSES OF ACTION**

Plaintiff's initial complaint is styled as a "Complaint to Resolve Matter of Unfair Labor Practice Dispute and More." (Doc. No. 1-1). The essence of Plaintiff's claim is grounded in his termination from employment with Ford in 1979, and the UAW's failure to represent him and his interests as a member of the union. The causes of action set forth in his initial complaint include: (1) an unfair labor practice; (2) wrongful termination; (3) breach of employment contract; (4) race discrimination; (5) fraud; (6) "mental damage"; (7) "money had and received"; (8) negligence; and (9) a claim alleging a violation of "Ohio 1983 Civil Rights." (Compl. at pp. 3-5). Plaintiff requests compensatory and punitive damages as well as a trial by jury.

Plaintiff's supplement or amendment to his complaint includes the following additional claims: (10) a violation of 42 U.S.C. § 1983; (11) a violation of the Fair Labor Standards Act.; (12) a violation of the Labor Management Reporting & Disclosure Act; (13) other contract and federal claims; (14) other labor litigation; (15) "other statutory actions the Plaintiff was prejudiced and deprived"; (16) violations of the Employment Retirement Income Security Act of 1974; and (17) "All Plaintiff claims cited in Plaintiff's Franklin County Common Pleas Court Of Ohio Case No. 12-CVH-5-5756 attached herein to the supplemental complaint for adjudication pursuant to federal law cause of action violation of Plaintiff federal 1983 civil rights." (Doc. No. 47).

**SUMMARY OF THE PARTIES ARGUMENTS**

Both Defendants move for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)[1]. They contend that the claims by Plaintiff are preempted by Section 301 of the Labor

---

[1] **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

2

Management Relations Act ("LMRA"), 29 U.S.C. § 185, and are barred as untimely. Those federal claims which are outside Section 301, Defendants argue, are barred by the applicable statute of limitations.

Plaintiff opposes the Defendants' motions both in the forms of oppositions and replies, as well as his own "instanter motion not to dismiss."[2] He argues a factual basis to allow his claims to proceed and contends he did not discover his injuries until 2012, thereby allowing him to timely file this action within four months of this discovery. He further argues application of the equitable tolling doctrine in opposition to Defendants' motions. The failure of Defendants' to respond to his discovery requests he characterizes as "discovery abuse" and advocates disposition under the summary judgment standard. The Plaintiff disputes dismissal of his amended complaint before discovery is completed or before he is able to respond to the Defendants' answers.

Plaintiff also moves for summary judgment arguing equitable tolling. He argues his claims are meritorious insofar as the Defendants have not responded to his discovery requests served upon them with his complaint. Alternatively, Plaintiff requests a jury trial on all his claims.

As the briefing on these dispositive motions is complete, these issues are decisional. The Defendants challenge the viability of the legal pleadings as a matter of law, and for other reasons stated below, I will first address the motions to dismiss.

## DEFENDANTS' MOTIONS TO DISMISS

A. *Dismissal Standard under Fed. R. Civ. P. 12(b)(6).*

---

. . . .
**(6)** failure to state a claim upon which relief can be granted. . .

[2] While docketed as a reply to the UAW's Motion to Dismiss, this motion is styled as "Instanter Motion Not To Dismiss" (Doc. No. 26) and requests this Court deny Defendants' motions to dismiss.

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). A court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

4

In addition, the Supreme Court has reiterated that *pro se* filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 at 94 (2007) (citation omitted).

The court's duty in a Rule 12(b)(6) analysis differs from that under one of summary judgment. A motion to dismiss tests the validity of the pleadings as a matter of law and, if the complaint survives that challenge, the parties conduct discovery on allegations. "As is often the case, discovery will confirm the accuracy of some allegations and disprove others." *Evans-Marshall v. Board of Educ. of Tipp City Exempted Village*, 624 F.3d 332, 336 (6th Cir. 2010).

In contrast, summary judgment is appropriate where "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* A summary judgment motion contemplates discovery taken will be offered to support the movant's arguments.

*B. Hybrid Action*

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, provides that suits against labor organizations "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . , or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). As noted by the Sixth Circuit Court of Appeals, "[t]he Supreme

5

Court has interpreted this language to require federal pre-emption of state-law based actions . . . [when those actions are] inextricably intertwined with consideration of the terms of the labor contract." *Mattis v. Massman*, 355 F.3d 902, 905 (6th Cir. 2004) (citing *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 382 (6th Cir. 1991) (citations omitted)).

A hybrid Section 301 action consists of two claims: breach of the collective bargaining agreement by the employer and breach of the duty of fair representation by the union. To recover against either the employer or the union a plaintiff must show both. *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 576 n.1 (6th Cir. 1994).

In this action, the *pro se* Plaintiff's complaint states he is "lawsuiting on a hybrid claim pursuant to the abandonment of the union to plaintiff hybrid 301 labor – Management Relation Act 29 U.S.C.S. 185." (Doc. No. 10, p.2). He includes claims of wrongful termination and breach of contract against the Defendant Ford Motor Co. (*Id.* at p. 3-4). As against the Union, he alleges an unfair labor practice (*Id.*, p. 3), fraud (*Id.* p.4), negligence (*Id.* p. 5) and contends the Union abandoned his cause for which he asks for past union fees. (*Id.*). Defendants challenge the legal viability of Plaintiff's Section 301 claim to the extent it is outside the statute of limitations.

The Sixth Circuit Court of Appeals recently addressed the applicable statute of limitations in a Section 301 claim:

> In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), "the Supreme Court established a six-month period of limitations for claims alleging breach of [the] duty of fair representation[.]" *Ratkosky v. United Transp. Union*, 843 F.2d 869, 873 (6th Cir. 1988). "As a general rule, the limitations period begins to run when the potential plaintiff 'knows or should have known of the union's alleged breach of its duty of fair representation.' " *Id.* (quoting *Dowty v. Pioneer Rural Electric Co-op, Inc.*, 770 F.2d 52, 56 (6th Cir.), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 572, 88 L.Ed.2d 557 (1985).

6

*Bowerman v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of America, Local No. 12*, 646 F.3d 360, 366 (6th Cir.), *cert. denied sub nom.*, *Burkholder v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of America, Local No. 12*, __U.S.__, 132 S.Ct. 766 (2011).

Plaintiff objects to dismissal as he contends it was not until February 28, 2012, that he discovered his injuries, i.e., "unfair labor practice injury, wrongful termination injury, discrimination injury, treverse discrimination injury, breach of contract injury, fraud upon plaintiff injury and more." (Doc. No. 1-1, p. 3).

In general, a claimant is not required to sue on a hybrid claim "until the party reasonably should know that the union has abandoned the party's claim." *Wilson v. Intern'l Bhd. of Teamsters*, 83 F.3d 747, 757 (6th Cir. 1996). This test has been deemed an objective determination, specifically "'the asserted actual knowledge of the plaintiffs is not determinative if they did not act as reasonable persons and, in effect, closed their eyes to evident and objective facts concerning the accrual of their right to sue.'" *Garrish v. Int'l Union, United Automobile, Aerospace, and Agric. Implement Workers of America*, 417 F.3d 590, 594 (6th Cir. 2005)(citation omitted), *cert denied*, 546 U.S. 1094 (2006).

The pleadings contain copies of correspondence Plaintiff sent to the Local UAW president, dated November 2011, with the following portion relevant to the present discussion:

> In 1979 I was taken to the Hourly Employment Office with my union steward, Frank Lamar. They explained to me the reason I was there. They told me I could go home and that they would call me when they come up with what they were going to do in my case. I was just returning from medical leave and I was taking pain medication. I was forced to return to work by the plant doctor, although my family doctor had asked me to take off another week. I contacted Ford Motor Company the next day and explained to the Hourly Employment Manager what had taken place the previous day, and afterwords [sic] he referred me to the union office. The union steward that I had spoken with on the phone, put me on hold, then he took my call and requested my phone number and informed me that he would call me back. He never returned my call. Thereafter, I had picked up my last paycheck. I was stopped at the Guard House by Mr. Owens the security guard. He had informed me that I could not proceed any further and to give him my time card and that he would go and pick up my paycheck for me. When he returned, I asked him did anyone inform him of my status of being able to return to work. He stated to

> me that I should contact the union officer. I then contacted the union steward and he had put me on hold for a very long time, so I hung up and contacted him again and got the same results. I then drove to the union office and spoke with the union representative and I had explained to him what had happened. Then he requested my phone number and said he would get back with me. I have repeatedly tried to contact him throughout the years and I continued to get the same results, until the year 2000.

(Doc. No. 47, p. 20). Plaintiff also attaches copies of correspondence, including a letter[3] from the UAW Local president, received on February 28, 2012. It is from this 2012 correspondence Plaintiff alleges he discovered his injuries. (Doc. No. 1-1, p. 2). With these factual allegations, Plaintiff argues that his lawsuit is timely filed despite his employment termination more than thirty years ago. I disagree.

Taking Plaintiff's factual allegations as true, I cannot find that a reasonable person would have been unaware of his injuries at the time of his termination. When the union representative was not responsive to his inquiries, it put Plaintiff on notice of the inaction by his bargaining unit. The claim that he did not know of his injuries at the time of his termination or even a few months thereafter, is without merit as a matter of law. *See e.g., Martin v. Lake Co. Sewer Co., Inc.*, 269 F.3d 673, 678-79 (6th Cir. 2001) (discharged employee's claim accrued two months after his termination when the union supplied him with a copy of the CBA); *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 804 (6th Cir. 1990) (discharged employee's hybrid claim accrued on date she was told she would not be reinstated and not by a subsequent letter advising of their continued efforts on her grievance).

Plaintiff argues that receipt of the February 28, 2012 letter from the president of the Local UAW put him on notice of his injuries. In this case, a written response by the current union president to an inquiry regarding an event which occurred over thirty years ago does not constitute discovery of Plaintiff's injuries. While I am not unsympathetic to Plaintiff's situation and

---

[3] The letter reads as follows: "Dear Mr. Riley: This is to advise you that my letter dated 1-27-12 answered your questions. I am unable to be of any further assistance to you. Sincerely, Dave Rabe, President, UAW Local 1219." (Doc. No. 47, p. 26).

acknowledge his repeated efforts to get answers, under an objective person standard, Plaintiff was aware of the silence which met his repeated inquiries following his termination. I find that an objective person would have seen the futility of these efforts and taken action or sought legal advice to understand his legal rights. *See e.g. Scott v. Local 863, Int'l Bhd. of Teamsters*, 725 F.2d 226, 229 (3rd Cir. 1984) (even where there is no explicit notice, the statute begins to run when the futility of further union appeals become apparent).

Plaintiff also argues he was unable to discover his injuries due to fraudulent concealment by the Defendants and advocates a finding that that equitable tolling applies in this case. Again, I disagree.

The legal doctrine of equitable tolling allows a court to toll or suspend a statute of limitations when the litigant's failure to meet a deadline is due to circumstances beyond the litigant's control. *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). "The federal courts sparingly bestow equitable tolling." *Graham-Humphrys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000), (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)(other citations omitted)). In this action, Plaintiff bears the burden of establishing he is entitled to equitable tolling.

In a somewhat analogous situation, the Sixth Circuit set out requirements which qualify for establishing equitable tolling when a plaintiff claims fraudulent concealment by the union in not pursuing their claims:

> The elements of wrongful concealment are (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiffs' due diligence until discovery of the facts. *Id.* at 1002, quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975).

*Long v. General Motors Corp.*, 19 F.App'x 200, 202 (6th Cir. 2001). The plaintiffs in *Long* alleged fraudulent misrepresentations by the union regarding their contractual rights. In affirming the

9

district court's ruling granting a Rule 12(b)(6) dismissal, the appellate court noted the complaint failed to allege concealment of the union's inaction.

A similar argument is asserted by Plaintiff in his opposition to the Union's motion to dismiss:

> Plaintiff contend the Defendant oral contract manipulations, lies telling him he still had a job, that they were working things out, to call back, that he was going to have a hearing, that he would get compensated once everything was worked out, not protecting obligated duty rights of Plaintiff, the inflicted fraud upon Plaintiff due diligence until Plaintiff had discovered his injury and damages and filed a timely within statue lawsuit. For these reasons Plaintiff contend the Defendant (UAW) specifically inflicted fraud upon the Plaintiff would of discovered his injuries and damages sooner.

(Plt's Reply, Doc. No. 32 at p. 5). Like the situation in *Long,* Plaintiff waited until after the statute of limitations ran to file his action, some thirty-three years late. Well before 2012, he was fully aware of the alleged inaction by the Union. His situation certainly fails to meet the last prong of a wrongful concealment claim, i.e., due diligence until discovery of the facts. There are no facts alleged which support concealment of the Union's actions.

Finally, I cannot find that Plaintiff failed to discover operative facts to support his cause of action within the limitation period. As noted in the discussion above, the Union's unresponsiveness to his repeated inquires over several months put him on notice of their inaction. He simply cannot claim ignorance of the Union's inaction to support his claim of fraudulent concealment in support of an equitable tolling argument. Therefore, Plaintiff's equitable tolling argument is without merit.

For these reasons, Plaintiff's Section 301 claims are untimely under the applicable statute of limitations and must be dismissed as a matter of law.

*C. Claims Preempted by Section 301*

With regard to federal preemption of state law under section 301 of the LMRA, the Sixth Circuit has set forth the following principles:

> Section 301 preempts only state law claims that are "substantially dependent on analysis of a collective-bargaining agreement," *see, e.g., International Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 2166-67 n. 3, 95 L.Ed.2d 791 (1987), not claims that only "tangentially" involve CBA provisions. *See, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985). Furthermore, a defendant's reliance on a CBA term purely as a defense to a state law claim does not result in section 301 preemption. *See Caterpillar*, 482 U.S. at 399, 107 S.Ct. at 2433; *accord Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1334 (6th Cir.) (en banc), cert. denied, 493 U.S. 992, 110 S.Ct. 539, 107 L.Ed.2d 537 (1989). 301.

*Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 799-800 (6th Cir. 1990).

> To determine whether a state-law claim is sufficiently "independent" to survive § 301 preemption, this court has adopted a two-step inquiry. [*DeCoe v. General Motors Corp.*, 32 F.3d 212, 216-17 (6th Cir. 1994).] First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law. *Id.* at 216. If the rights were created by the collective bargaining agreement, the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301.

*Mattis,* 355 F.3d at 906.

Apart from the obvious claims which trigger preemption, such as breach of contract, wrongful termination, other labor litigation, and his general claims that the Union abandoned his pleas for assistance following his termination, I must consider whether his other claims are preempted by Section 301.

In his first cause of action he alleged an unfair labor practice wrongly inflicted upon him as "he was a good history worker for the company and should not have been terminated without a hearing for just good causes or some form of written explanation the day of the termination to the reason's why he was being terminated." (Doc. No. 1-1, p.3). As claims related to his termination are dependent upon analysis of the CBA, the preemptive effect of Section 301 applies to this claim against the employer. The rights to a hearing and written explanation are contained within the CBA agreed to by the Defendants. As this claim would require interpretation of the CBA, it is preempted as a matter of law. *Id.* To the extent that Plaintiff's claims require interpretation of the CBA or the

11

rights claimed thereunder, they are preempted by Section 301 and are untimely under the six month statute of limitations.

Regarding Plaintiff's claims of discrimination based upon his race, it is unclear whether resolution of those state law claims requires interpretation of the CBA. The same is true for Plaintiff's claims of fraud, mental damage, money had and received, or "other statutory actions." However, for those claims which are not clearly subject to preemption, I next consider whether they are outside the applicable statute of limitations.

*D. Remaining Claims Outside Preempted Claims*

Assuming *arguendo*, the remaining claims are not preempted by Section 301, they are still untimely under the applicable statute of limitations.

For example, Plaintiff's fourth cause of action, race discrimination, his ninth cause of action, a violation of Ohio's § 1983 civil rights, and his tenth cause of action, a violation of his federal civil rights under 42 U.S.C. § 1983, are considered together since they are based upon discrimination based on race. The applicable statute of limitations for a claim under Section 1983 requires the claims be filed within a two years of the date of accrual. *Huntsman v. Perry Local Sch. Bd. of Educ.,* 379 F.App'x 456, 461 (6th Cir. 2010); *Browning v. Pendelton*, 869 F.2d 989, 922 (6th Cir. 1989). Any claims of discrimination based upon race were outside the two year statute of limitations after 1981. Moreover, in his federal civil rights claim, Plaintiff fails to allege such violations were taken "under color of law" or make factual assertions which demonstrate a nexus between the government and the employer sufficient attribute this conduct to the state. *Campell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776, 784 (6th Cir. 2007)(citations omitted). Without such state action, there is no remedy against a private employer under this statute. Accordingly, these claims are barred as a matter of law.

12

Plaintiff's fifth cause of action, sounding in fraud, is also outside the applicable statute of limitations. Under Ohio Rev. Code § 2305.09, a claim sounding in fraud "shall be brought within five years after the cause thereof accrued." Applying that time frame to his claims, Plaintiff's fraud claim should have been filed no later than 1984 and, is therefore untimely.

In his sixth claim, Plaintiff's claim of mental damage is construed as a claim for emotional distress. Under Ohio Rev. Code § 2305.09, claims for intentional infliction of emotional distress are also subject to a four year statute of limitations. As this claim was filed 28 years after his termination, it is untimely as a matter of law.

Plaintiff's eleventh claim is for a violation of the Fair Labor Standards Act. The Sixth Circuit has approved applying the applicable state's residual personal injury limitation to that claim. *Allgood v. Elyria Methodist Home*, 904 F.2d 373, 378 (6th Cir. 1990). As Ohio applies a two-year statute of limitations in personal injury actions, Ohio Rev. Code § 2310.10, Plaintiff's claim is well outside that time frame and must be dismissed.

Similarly, Plaintiff's claim for violations of ERISA is also time barred as such actions in Ohio are governed by a fifteen year statute of limitations. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 548 n.2 (6th Cir. 2012)(*citing Meade v. Pension Appeals and Review Committee*, 966 F.2d 190, 194-95 (6th Cir. 1992)). In order to be timely, Plaintiff's claim needed to be filed before the end of 1994. As it was not, this claim must also be dismissed as it is untimely.

As for Plaintiff's claims of other labor litigation or other statutory actions, they are insufficient as a matter of law. They are unspecific and tantamount to conclusory allegations as cautioned against in *Twombly*, 550 U.S. at 555. As a court is not bound to accept a legal conclusion on a motion to dismiss, factual allegations within a complaint "must be enough to raise the right to relief above the speculative level." *Id.* (Citation omitted).

13

CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they are, to a large extent, preempted by Section 301 of the LMRA. Of those claims preempted, they are untimely as they were filed well outside of the six month statute of limitations. Plaintiff's claim of equitable tolling is also without merit as a matter of law. The claims which fall outside preemption are also outside the applicable statute of limitations or do not state a viable legal claim.

Therefore, Defendants' motions for dismissal (Doc. Nos. 20 and 23) are granted. As the complaint is dismissed, Plaintiff's motion for summary judgment (Doc. No. 34) is denied as moot. This case is closed[4].

So Ordered.

                                                         s/ Jeffrey J. Helmick
                                                         United States District Judge

---

[4] **Fed R. App. P. 4. Appeal as of Right—When Taken**
    **(a) Appeal in a Civil Case.**
        **(1) Time for Filing a Notice of Appeal**
            **(A)** In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and (4)(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.